IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHANE EUGENE CARDEN, #270176, </br></br> Petitioner, </br></br> v. </br></br> CHRISTOPHER GORDY, Warden III, </br></br> Respondent. | ) </br> ) </br> ) </br> ) </br> ) </br> ) CASE NO. 2:25-CV-158-WKW </br> ) [WO] </br> ) </br> ) </br> ) </br> ) |

## **ORDER**

Petitioner Shane Eugene Carden, an inmate in the custody of the Alabama Department of Corrections, commenced this 28 U.S.C. § 2254 petition, which was docketed on February 20, 2025. (Doc. # 1.) He also filed a motion for leave to proceed *in forma pauperis*. (Doc. # 4.) However, he did not submit the necessary documentation from the inmate account clerk. *See* Rule 3(a)(2), *Rules Governing Section 2254 Cases in the United States District Courts*. On April 10, 2025, Petitioner was ordered to file the required documentation by April 24, 2025, as well as an amended petition in compliance with Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*, and he was warned that a failure to comply with the order would result in dismissal of his petition without further notice. (Doc. # 5.) The April 10 Order was not returned to the court by the postal service.

To date, Petitioner has not complied with the April 10 Order or had any contact with the Court. Because Petitioner has failed to prosecute this action diligently and comply with the court's directives, this action will be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. Dismissal as a sanction, however, "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). In this instance, where Petitioner has failed to comply despite the court's express admonition, the court finds a clear record of delay and willful contempt and that sanctions lesser than dismissal would not suffice. *See id.*

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Because Petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253, a certificate of appealability is denied.

Final Judgment will be entered separately.

DONE this 9th day of May, 2025.

                                            /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE